UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 27, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Kevin T. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
     Civil No. 23-0312-CDA

Dear Counsel:

On February 3, 2023, Plaintiff Kevin T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10) and the parties' briefs (ECFs 21 and 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on February 10, 2020, alleging a disability onset of July 1, 2018. Tr. 67–68. Plaintiff's claims were denied initially and on reconsideration. Tr. 119–20, 124, 143. On May 11, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–66. Following the hearing, on June 16, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 16. The Appeals Council denied Plaintiff's request for review, Tr. 5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on February 3, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Kevin T. v. O'Malley
Civil No. 23-0312-CDA
December 27, 2023
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since July 1, 2018[.]"  Tr. 22.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "radiculopathy in the lumbar region and other idiopathic peripheral autonomic neuropathy[.]"  Tr. 22.  The ALJ determined that Plaintiff did not suffer from any non-severe impairments.  Tr. 22–23.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 22.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. [Plaintiff] can never be exposed to hazards, such as dangerous moving machinery and unprotected heights. [Plaintiff] can occasionally perform operation of foot controls bilaterally.

Tr. 24.  The ALJ determined that Plaintiff was unable to perform past relevant work as a machinist (DOT[3] #600.280–022) but could perform other past relevant work as a cashier / customer service representative (DOT #279.357–050) and sales clerk (DOT #290.477–014).  Tr. 28.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 29–30.

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two overarching arguments on appeal, (1) that the ALJ erroneously assessed Plaintiff's RFC and (2) that the ALJ incorrectly evaluated Plaintiff's subjective complaints. ECF 21, at 3, 12. Pertaining to Plaintiff's first argument, Plaintiff avers that the ALJ "failed to properly assess [] Plaintiff's limitations" by (a) failing to set forth a narrative discussion detailing the evidence used to support each RFC conclusion, (b) failing to properly assess Plaintiff's RFC by evaluating Plaintiff's symptoms, and (c) failing to form a function-by-function assessment of Plaintiff's work-related abilities. ECF 21, at 5, 8, 9. Defendant counters that substantial evidence supports both the ALJ's RFC determination and the ALJ's evaluation of Plaintiff's subjective statements about his symptoms. ECF 24, at 5, 12.

The Court begins with Plaintiff's second overarching argument, as it is dispositive. Plaintiff contends that in "evaluating Plaintiff's subject complaints, the [ALJ] applied an improper standard." ECF 21, at 12. This Court agrees with Plaintiff that the ALJ "erroneously required Plaintiff to prove . . . his subjective complaints by objective medical evidence," which is inapposite to the legal framework set forth by the Fourth Circuit.

"When evaluating a claimant's subjective complaints, 'ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p.'" *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (internal citation omitted). "First, 'the ALJ must determine whether objective medical evidence presents a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms.'" *Id.*; 20 C.F.R. § 404.1529(b). "Second, after finding a medically determinable impairment, 'the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.'" *Id.*; 20 C.F.R. § 404.1529(c). The second step does not require objective evidence.[4]

---

[4] "Objective" evidence is "medical evidence" that produces: (1) "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques

*Id.* Rather, the ALJ "must consider the entire case record, including the claimant's subjective statements about intensity, persistence, and limiting effects of symptoms—even if objective medical evidence does not substantiate them." *Id.* at 215.

The Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). "Rather, a claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Id.* (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). The ALJ applies the incorrect legal standard when "discrediting complaints based on a lack of objective evidence corroborating them." *Oakes*, 70 F.4th at 215. In *Arakas*, the Fourth Circuit found that the ALJ properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework." *Id.* at 96. "But at the second step, the ALJ improperly discredited [the claimant's] statements about the severity, persistence, and limited effects of [the claimant's] symptoms because [the ALJ] did not find them to be completely consistent with the objective evidence." *Id.* (internal citations and quotation marks omitted). "Because [the claimant] was entitled to rely exclusively on subjective evidence to prove that her symptoms were so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day, the ALJ applied an incorrect legal standard in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (alterations in original) (internal citations and quotation marks omitted). The Fourth Circuit concluded that the ALJ "'improperly increased [the claimant's] burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.* (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). Importantly, SSR 16-3p states that "[the SSA] will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2017 WL 5180304, at *11.

Here, a careful review of the ALJ's decision reveals that the ALJ required objective evidence to support Plaintiff's complaint of back pain. At step one of the two step framework, the ALJ determined that Plaintiff's "radiculopathy in the lumbar region and other idiopathic peripheral autonomic neuropathy" were severe. Tr. 22. At step two, the ALJ discounted Plaintiff's subjective complaints of back pain due to a lack of objective medical evidence to support it. First, the ALJ noted that after a car accident, Plaintiff "reported tingling and numbness sensation in the right leg and reported knee issues when walking." Tr. 25. The ALJ observed that during the same encounter, an "x-ray of the lumbar spine revealed no fracture or other significant abnormality of lumbar spine; and x-rays of the bilateral knees showed no fracture or dislocation of bilateral knees." Tr. 25. Next, the ALJ reported that Plaintiff complained of back pain in March of 2020 but then noted Plaintiff to have a "normal range of motion, no midline tenderness or lumbar

---

that can be observed apart from an individual's symptoms" or (2) "anatomical, physiological, or psychological phenomena, which can be shown by the use of medically acceptable laboratory diagnostic techniques." SSR 16-3p, 2017 WL 5180304, at *3.

paraspinal tenderness, normal sensation in lower bilateral extremity, negative straight leg test, normal strength in lower extremities." Tr. 26. On October 9, 2020, Plaintiff presented to a pain management clinic. Tr. 26. The ALJ stated Plaintiff "presented with low back pain *but* had a full range of motion without difficulty." Tr. 26 (emphasis added). The decision discounted Plaintiff's subjective complaints because the medical examination was performed "without difficulty" despite presenting with complaints of pain. Tr. 26.

The ALJ repeated the same error two months later when stating that Plaintiff "continued to complain of pain but was noted to have [a] non-tender extremity, full range of motion without difficulty, normal bilateral knees, and normal strength throughout [both] lower extremities." Tr. 26. On April 13, 2022, Plaintiff presented with complaints of "pain . . . [with] constant burning [and] sharp pains in both feet . . . ." Tr. 26. The ALJ stated the "treatment notes indicate[d]" that the subjective complaints aligned with the objective evidence of "diagnoses of radiculopathy [in the] lumbar region and other idiopathic peripheral autonomic neuropathy." Tr. 26. Despite this, the ALJ discounted Plaintiff's subjective complaints and medical diagnoses by noting that a "musculoskeletal examination indicated no pain on palpation of the lesser metatarsal heads or [metatarsophalangeal joint] plantar plates; and no other significant foot or ankle deformities appreciated, stable foot posture, and adequate muscle strength to manual examination bilaterally."[5] Tr. 26. In February 2022, Plaintiff reported numbness in his feet and pain with standing. Tr. 26. The ALJ noted that in April of 2022 an x-ray "revealed marked intervertebral disc height loss" and an MRI showed "degenerative findings in the lower lumbar spine at L4-5 and L5-S1 with stenosis, which may result in radicular symptoms." Tr. 27. Here, the objective evidence consistently supported Plaintiff's complaints.

After evaluating Plaintiff's medical history, the ALJ concluded that Plaintiff's statements about the "intensity, persistent, and limiting effects of his symptoms, [] are inconsistent." Tr. 27. The ALJ found that Plaintiff can independently perform his activities of daily living despite his impairments and that his "physical examinations throughout the record were generally normal and showed no more than moderate limitations." Tr. 27.

The Court finds that the ALJ failed to consider the intensity and persistence of Plaintiff's pain as demonstrated by Plaintiff's subjective complaints and, as a result, committed harmful error. The ALJ did not allow Plaintiff, as he was entitled, to "rely exclusively on subjective evidence to prove that [his symptoms] are so continuous and/or severe that they prevented [him] from working," but rather applied the incorrect legal standard and discredited Plaintiff's complaints "based on [a] lack of objective evidence corroborating them." *Oakes*, 70 F.4th at 215 (quoting *Arakas*, 983 F.3d at 99) (alternations in original). Instead, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other

---

[5] Each foot has five metatarsals which are the long bones connecting the toes to the rest of the foot. The metatarsophalangeal joint ("MTPM") plantar plates are ligaments within the foot, specifically supporting the metatarsals.

evidence in the record . . . ." Tr. 25. In doing so, the ALJ effectively required the Plaintiff to corroborate his subjective complaints of pain with objective medical evidence. Tr. 25. The "ALJ never addressed the fact that disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain . . . ." *Oakes*, 70 F.4th at 215–216. The ALJ failed to "meaningfully address this theory of qualification such that this Court may engage in judicial review." *Id.* (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986) ("Administrative determinations are required to be made in accordance with certain procedures which facilitate judicial review.")). There being no mention of the intensity or persistence of Plaintiff's complaints in the ALJ's analysis of Plaintiff's RFC, this "lack of explanation requires remand." *Id.* (quoting *Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015).

Furthermore, notwithstanding their view that Plaintiff's subjective complaints were inconsistent with the medical record, the ALJ failed to provide a discussion of such inconsistencies to permit the Court's meaningful review. *See Willis F. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec.*, No. AAQ-23-0318, 2023 WL 8437229, at *2 (D. Md. Dec. 5, 2023) ("While the ALJ is not required to accept the claimant's subjective evidence to the extent it is inconsistent with other evidence in the record, the ALJ must consider all of the available evidence and cannot discredit the plaintiff's subjective evidence simply because it is not confirmed by objective medical evidence.") (referring to *Craig*, 76 F.3d at 595 (citing 20 C.F.R. §§ 404.1529(c)(2)–(3), 416.929(c)(2)–(3)). Here, the ALJ never explained how the "generally normal examinations" discounted Plaintiff's testimony of his consistent subjective reports of pain and positive MRI and x-ray findings. Tr. 27; *see Willis F.*, 2023 WL 8437229 at *3 (remanding when "the ALJ never explained how the [objective medical] findings either undermine[d] or [were] entitled to more weight than Plaintiff's continued reports of pain."); *Towanna G. v. Kijakazi*, No. BAH-21-1711, 2022 WL 4017417, at *4 (D. Md. Sept. 2, 2022) (finding that the ALJ erred by "fail[ing] to adequately explain how or why other evidence in the record [was] more credible" than the plaintiff's testimony). Moreover, such discussion is particularly important when the objective medical evidence is consistent with a claimant's subjective symptoms, such as the MRI and X-ray results previously discussed. Tr. 27; *see Arakas*, 983 F.3d at 96–97 (holding that the ALJ committed harmful error when they failed to evaluate objective medical evidence that supported claimant's subjective pain "by placing undue emphasis on [the claimant's] normal clinical and laboratory results.").

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Kevin T. v. O'Malley*
Civil No. 23-0312-CDA
December 27, 2023
Page 7

## V. CONCLUSION

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge